IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JAMES LOWELL JONES, #30544 | § |
| | § |
| | §   CIVIL ACTION NO  G-06-646 |
| | § |
| CHIEF KENNY MACK, ET AL. | § |

### REPORT AND RECOMMENDATION

Plaintiff James Lowell Jones, proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on October12, 2006. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986).

Having reviewed Plaintiff's complaint, this Court makes the following recommendation to the District Judge regarding Defendant Chief of Police Kenny Mack and the City of Galveston Police Department, **only**.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e). A case may be dismissed for being frivolous if the claim has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28

U.S.C. § 1915(e). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff complains that his civil rights were violated when he was allegedly subjected to an excessive use of force by police officers Roark and Vela of the City of Galveston Police Department. In addition to these police officers, Plaintiff has also named Chief of Police Kenny Mack and the City of Galveston Police Department, as Defendants.

Plaintiff has failed to specify the personal involvement of Defendant Mack in the harm for which he sues. The Supreme Court has emphasized that personal involvement is an essential element of a civil rights cause of action in *Rizzo v. Goode*, 423 U.S. 362, 371-372, 377 (1976), by requiring that Plaintiff establish an affirmative link between Plaintiff's injuries and Defendant's personal conduct. Defendants who stand accused of violating the constitutional or statutory rights of inmates are entitled to "specific recitals of the wrong each is alleged to have perpetrated on each Plaintiff." *Lynch v. Cannatella*, 810 F.2d 1363, 1377 (5th Cir. 1987).  Chief Mack was named only in the style of Plaintiff's complaint and nowhere else.  Without a showing of personal involvement by individual Defendants, a Section 1983 complaint must be dismissed. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  Accordingly, it is the **RECOMMENDATION** of this Court that **Chief of Police Kenny Mack be DISMISSED as a Defendant in this cause.**

Plaintiff's claim against the City of Galveston Police Department also fails for the reason that the Galveston Police Department is, *non sui juris*, a law enforcement agency existing only as a department of a political subdivision and not a separate entity amenable to suit under 42 U.S.C. §

1983; the police department is not, therefore, a viable Defendant in this case. *See Boren v. City of Colorado Springs*, 624 F.Supp. 474, 479 (D. Colo. 1985); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984), *aff'd*, No. 87-1460 slip. op. (5th Cir. December 8, 1987)(per curiam). The Court further **RECOMMENDS,** therefore, that **the City of Galveston Police Department be DISMISSED as a Defendant in this cause.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **December 19, 2006,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the   30th   day of November, 2006.

_____
John R. Froeschner
United States Magistrate Judge